NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3468
_____

JERRA V. BOWDEN,
                              Appellant

v.

DB SCHENKER


_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01272)
District Judge: Honorable Mark A. Kearney
_____

Submitted Under Third Circuit LAR 34.1(a)
May11, 2017

Before: AMBRO, RESTREPO, and COWEN, Circuit Judges

(Opinion filed: May 31, 2017)
_____

OPINION[*]
_____


AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2013, Jerra Bowden was hired as an at-will employee by DB Schenker, a company that specialized in servicing, repairing, and refurbishing Apple products. Schenker hired Bowden because of her knowledge and familiarity with those products. She held the position of Line Lead Supervisor in the Repair and Reclaim division, managing ten to twelve of Schenker's Repair and Reclaim workers. Bowden alleges she introduced a process called "Taylorism" to her employer. In plain terms, however, the process she introduced was the use of an assembly line.

Before using an assembly line, Schenker assigned one person to each product. Bowden suggested the company instead assign one task to each person. Schenker did not immediately implement proposed alternative of Bowden, but instead reviewed and tested the procedure. She claims Schenker has now implemented her proposal in other operating divisions and has used her ideas as a marketing tool in the Netherlands.

Bowden filed suit, claiming misappropriation of ideas, unjust enrichment, and *quantum meruit*. The District Court granted Schenker's motion to dismiss all of these claims without leave to amend, finding Bowden had not provided a basis for relief. Because she has not sufficiently stated any of her claims, we affirm.[1] Because any further amendment of her Complaint would be futile, we also affirm the District Court's denial of leave to amend the Complaint.

---

[1] Our review of the District Court's decision granting Schenker's motion to dismiss is plenary. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Courts presented with a motion to dismiss should accept all well-pleaded facts as true, and then determine whether, given the facts presented, "the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## I. Misappropriation

To state a claim for misappropriation of ideas, a plaintiff must show "(1) the plaintiff had an idea that was novel and concrete, and (2) his idea was misappropriated by the defendant." *Blackmon v. Iverson*, 324 F. Supp. 2d 602, 607 (E.D. Pa. 2003) (citing *Sorbee Int'l Ltd. v. Chubb Custom Ins. Co.*, 735 A.2d 712 (Pa. Super. Ct. 1999)). The District Court stated an assembly-line approach to a job is not a concrete or novel idea and cited Henry Ford and Ransom Olds as examples of originators of the assembly-line concept. *See Bowden v. Schenker*, 2016 WL 3981354, at *3 (E.D. Pa. 2016).

We agree that Bowden cannot claim this process, born out of the Industrial Revolution, is a novel and "concrete" idea. An idea is "novel and merits protection when it is truly innovative, inventive, and new." *Blackmon*, 324 F. Supp. 2d at 608. Because Bowden's idea of assigning one person to a task in an assembly-line fashion restates a much earlier innovation, her idea cannot be considered novel.

Bowden's claim also fails because her idea cannot be considered concrete. To be so, courts must be able to identify it as "having been created by one party and stolen by another." *Bowden*, 2016 WL 3981354, at *3 (internal citations omitted). Because the idea of creating an assembly line cannot be so cleanly traced back to Bowden, such that a court could say that it has, in fact, been stolen by another, it is not concrete.

Even were we to assume that Bowden established novelty and concreteness, she has still failed to plead misappropriation. To establish that, a plaintiff must show she had substantially invested time, effort and money into creating the thing misappropriated such that the court can characterize it as a kind of property right, (2) the defendant has

appropriated it at little or no cost, thereby reaping where it has not sown, and (3) the defendant has injured the plaintiff by the misappropriation. *See Sorbee*, 735 A.2d at 716. First, Bowden has not stated facts showing she substantially invested time and effort into creating an assembly-line concept. Second, Schenker's actions cannot be characterized as reaping where it has not sown because it spent time reviewing and testing the proposed procedures before applying them. Third, Bowden has not pleaded facts showing Schenker's use of her idea has injured her. As a result, she has not sufficiently stated misappropriation of her ideas.

Moreover, there was no promise or contract prohibiting Bowden's employer from using her ideas. They were an extension of the work she was already paid to do. We agree with the District Court's conclusion that public policy counsels against imposing "potential liability upon an employer who adopts its employee's recommendation to adopt an assembly line approach to meet a client's demand." *Bowden*, 2016 WL 3981354, at *3. To impose liability in these circumstances would disincentivize collaboration between employers and employees on questions of how to improve the workplace.

## II. Unjust Enrichment

We also agree with the District Court's conclusion that Bowden has not stated a plausible claim of unjust enrichment. To do this, a plaintiff must show "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Bowden*, 2016

4

WL 3981354, at *5 (citing *Styler v. Hugo*, 619 A.2d 347, 350 (Pa. Super. Ct. 1986)).

Here, Bowden was performing the duties of her job and contributing to the improvement of her workplace. As in *McGoldrick v. TruePosition, Inc.,* 623 F. Supp. 2d 619 (E.D. Pa. 2009), she was a salaried employee compensated for work such as this. Therefore, the District Court did not err in dismissing her claim.

### III. Quantum Meruit

Nor has Bowden pled sufficient facts for a claim of *quantum meruit*. To state such a claim, a plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *McGoldrick*, 623 F. Supp. 2d at 624 (internal citations omitted). Bowden was aptly compensated for her work during the term of her employment, and it is not "unconscionable" that Schenker benefits from the work of its employees such as Bowden. The assembly-line process was a product of her work during her term of employment and thus was not "wrongfully secured." Bowden has not sufficiently pleaded facts supporting her *quantum meruit* claim, and the District Court rightfully dismissed this claim.

### IV. Leave to Amend Complaint

Bowden further claims the District Court failed to apply properly the required analysis and leave to amend should be required. However, a court "has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Frasier v. Nationwide*

5

*Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).  This denial of leave to amend the Complaint was proper because the District Court correctly noted that amending the Complaint would be futile, and leave to amend was properly denied.

*     *     *     *     *

Because Bowden's assembly line idea is not novel or concrete, she is unable to state a claim for misappropriation.  Her idea was a product of her salaried work with Schenker that later tested the idea before implemention.  Therefore, it was not unjust or wrongfully obtained for either an unjust enrichment or *quantum meruit* claim.  Amending her Complaint would not cure these defects, the District Court properly denied Bowden's request to amend.  We thus affirm.